**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ANTOWN LAJOHN ANDERSON,** | ) | |
| **Defendant-Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:06-CV-901-L (BH)** |
| | ) | **No. 3:05-CR-082-L** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff-Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the United States District Court for the Northern District of Texas, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the magistrate judge are as follows:

## FINDINGS AND CONCLUSIONS

Antown Lajohn Anderson ("Movant") seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant is a federal prisoner currently incarcerated in a federal correctional institution. Respondent is the United States of America ("Respondent").

## STATEMENT OF THE CASE

On April 5, 2005, Movant was charged by indictment with conspiracy to distribute more then 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841 (a)(1). On July 5, 2005, Movant pled guilty without a plea agreement. On December 19, 2005, the Court sentenced him to 144 months's imprisonment and five years's supervised release. Movant did not appeal. Movant's § 2255 motion was timely filed on May 19, 2006.

## STATEMENT OF THE CLAIMS

Movant alleges the following claims:

1. He is actually and factually innocent of the enhancements applied to his sentence under USSG § 2D1.1(b)(1) and 3B1.1(c).

2. The trial Court improperly used the "100:1 ratio" to calculate his sentencing guideline range.

3. The trial Court lacked subject matter jurisdiction to enhance his sentence because the enhancements were not charged in the indictment

4. The trial Court erred by using a preponderance of evidence standard to determine enchantments under the sentencing guidelines.

5. He was denied the effective assistance of counsel.

## EXAMINATION OF THE CLAIMS

**Claim One:** Movant is actually and factually innocent of the enhancements applied to his sentence under USSG § 2D1.1(b)(1) and 3B1.1(c).

Movant asserts the he is actually innocent of the sentence enhancements for possessing a dangerous weapon and being a leader or organizer. Movant initially objected to the enhancements based on insufficient evidence. (Objections to the PSR at 2-5). Movant contends that the Court denied these objections. The Court however, did not deny the objections, instead it found them moot, because Movant withdrew them in exchange for the prosecutor's agreement to limit relevant conduct to the admissions in his factual resume. (Sent Tr. at 4-8). Since Movant withdrew his objections to the enhancements, he waived his right to raise objections on appeal or collateral review. *United States v. Arviso Mata*, 442 F. 3d 382, 384 (5th Cir. 2006). Therefore, this claim must be dismissed.

**Claim Two:** The trial Court improperly used the "100:1 ratio" to calculate Movant's sentencing guideline range.

Movant contends that he should have been sentenced using the "20:1 ratio" rather then the "100:1 ratio" used by the sentencing guidelines. He asserts that the use of the lower ratio would have reduced his base offense level from 38 to 32 and his guideline range from 292-to-365 months downward to 168-to-210 months. Claims of misapplications of the sentencing guidelines, however, are not cognizable on collateral review. *United States v. Williamson*, 183 F. 3d 458,462 (5th Cir. 1999). Further, Movant was sentenced to 144 months' imprisonment, which is below even the guideline range using the "20:1 ratio" that he suggests would be proper. Based on these findings, Movant's second claim must be dismissed.

**Claim Three:** The trial Court lacked subject matter jurisdiction to enhance Movant's sentence because the enhancements were not charged in the indictment.

Movant does not contend the sufficiency of the indictment with respect to the charged offense. He instead challenges the sentence enhancements. Sentence enhancements though, do not have to be charged in the indictment. Further, Movant did not raise this claim on direct appeal.

The scope of post-conviction relief pursuant to 28 U.S.C. § 2255 is limited. Issues raised and decided on appeal from a judgment of conviction are not considered in § 2255 motions. *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985). The statute affords judicial review only for constitutional errors and other issues that (1) could not have been raised on direct appeal and (2) will result in a miscarriage of justice if left unaddressed. *See United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994).

Before a petitioner may raise an issue for the first time in a § 2255 proceeding, he must show "cause" for his procedural default in failing to raise the issue on appeal and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 168 (1982); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). This high hurdle ensures that final judgments command respect and that their binding effect is not disturbed by an endless series of post-conviction collateral attacks. *Frady*, 456 U.S. at 168.

In the case at hand, Movant has shown no reason for his failure to raise the enhancement issues on direct appeal. Having shown no reasons external to the defense for his failure to raise the issues previously, he cannot show cause for his procedural default. Since Movant cannot show cause, the Court does not need to engage in a prejudice analysis and his claim fails.

**<u>Claim Four:</u>** The trial Court erred by using a preponderance of evidence standard to determine enhancements under the sentencing guidelines.

Movant claims that the Court should have used a higher standard of proof in regards to sentencing enhancements. Movant asserts that the sentence enhancements should have been determined under the standard of beyond a reasonable doubt, as opposed to a preponderance of evidence.

The appropriate standard of proof at sentencing is a preponderance of the evidence. *United States v. Castillo,* 179 F. 3d 321 (5th Cir1999). Proof beyond a reasonable doubt is required only under a mandatory guideline scheme. *United States v. Booker,* 543 U.S. 220, 244, 260 (2005). Movant was not sentenced under a mandatory guideline scheme, and therefore the Court was not required to use the higher standard of proof. (Sent. Tr. at 26). Further, Movant did not address the claim on direct appeal. He has failed to show any reason for his failure to raise this issue on direct appeal. Movant, has not shown cause, and he has not presented a valid

argument to support his claim. Hence, his claim that the trial Court erred by using a preponderance of evidence standard must be dismissed.

**Claim Five:** Movant was denied the effective assistance of counsel.

The Sixth Amendment of the United States Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. *U.S. CONST., art. VI.* To merit relief pursuant to § 2255 on a claim of ineffective assistance of counsel, a movant must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *Strickland,* 466 U.S. 668, 691 (1984). In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Id.* at 689.

A movant's failure to establish either prong of the *Strickland* test requires the court to find that counsel's performance was not constitutionally ineffective; hence courts are free to review ineffective assistance claims in any order and need not address both the "deficient" and "prejudice" prongs if one component is found lacking. *Id.* at 697. The prejudice prong of the *Strickland* test requires the petitioner to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. A petitioner claiming ineffective assistance must prove that the challenged conduct of his counsel rendered the proceeding fundamentally unfair or unreliable. *Lockhart v. Fretwell,* 506 U.S. 364, 372 (1993) (citing *Strickland,* 466 U.S. at 687). Courts are required to consider the totality of the evidence in assessing whether the result would likely have been different absent

the alleged errors of counsel. *Strickland*, 466 U.S. at 695.

Movant asserts that he was denied effective assistance when counsel failed to file a notice of appeal. He makes the conclusory allegation that he told counsel "on numerous occasions that he wanted to appeal to the United States District Judge." (Mem. at 3). Movant also contends that he informed counsel he wanted to challenge the denials of his objections to the enhancements. (Mem. at 3). Vague and conclusory allegations do not justify habeas relief. *United States v. Cockrell*, 720 F. 2d, 1423, 1427 (5th Cir. 1983); *United States v. Jones,* 614 F. 2d 80, 82 (5th Cir. 1980). A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Movant does not state when he requested an appeal or the form of his requests. Other then his unsworn allegation, nothing suggests that Movant would have requested an appeal within the relevant time period. (Mem. at 3). He does not provide any additional evidence that he requested an appeal. These objections to the enhancements were waived by Movant, and the court found them to be moot. (Sent. Tr. at 15-21). Hence, there would be no adverse ruling for counsel to assert a grounds for appeal. He pled guilty, and received a sentence that was below the minimum set forth by the sentencing guidelines. Movant does not present sufficient evidence that counsel was ineffective as to the claim presented. He also fails to assert any other claims as to how he was denied effective assistance of counsel. Based on the foregoing, the Court finds that Movant's allegations do not meet the burden set forth in *Strickland.*

## **RECOMMENDATION**

This Court hereby recommends that Movant's motion to vacate, set aside, or modify his conviction and sentence pursuant to 28 U.S.C. § 2255 be denied.

SIGNED, NOVEMBER 14, 2006.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).